Our next case for today is Jackson County Bank v. Mathew DuSablon. Mr. Smith. Thank you, Your Honors. This case involves a third-party networking or referral arrangement between a commercial bank, the Appalachian Jackson County Bank, and a security company. It's a securities broker-dealer invest financial. Mr. DuSablon, the appellant, worked as a securities broker for invest for approximately 10 years. At the same time, also worked in a joint employee relationship whereby Jackson County Bank would receive a referral for all of his commissions coming from invest. In late 2017, some concerns and frustrations arose for Mr. DuSablon that he was getting directives and mandates from Jackson County Bank that were violations of FINRA, possibly other securities laws. That ultimately led to his resignation on January 8, 2018. In late February of 2018, Jackson County Bank filed suit against Mr. DuSablon, citing the third-party arrangement, but making various other statements indicating that they were, in fact, potentially trying to recover the securities book of business that he had built for invest as broker-dealer. He filed a motion to dismiss, clearly drawing the lines from how far a commercial bank can go under the networking arrangement, that they are not permitted to own a securities book of business. They have to communicate this properly to the customers, and therefore, because he was only taking customers in the securities industry and wasn't soliciting at all, that the case should be over. Mr. Smith, you seem to be asking the court to review the remand order in addition to the sanctions. Even if everything you argue is true, what gives this court under 1447 the basis to review a remand order where 1447 specifically says, in order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise? I guess, are you asking us to review the remand order, or are you just asking us to review the sanctions? I'm asking you to review the sanction order, but I am asking that you review the remand order in relation to whether it was right or wrong. We're not asking for the remand order to be overturned, but the court can still consider whether or not it should have been remanded. How can we consider that? Are you asking us just to consider that in the context of whether or not sanctions were warranted? Correct, yes. This is based on the email exchange with counsel, is that correct? You were asked that issue as to whether or not 1447D precludes or the merits or demerits of the underlying determination, and you're saying the latter. Yes, and I cite case law in our brief that clearly suggests, I mean, if the district court was incorrect with the remand, that part's not appealable, we can't fix that. But the court can say, yes, that shouldn't have happened, you shouldn't have been remanded, therefore it's an automatic reversal of fees to some extent, automatic abuse of discretion. That's to the extent that we are arguing against the remand order. Thank you. You seem to be going further, so I just wanted to clarify. Your reply brief, as I recall, also said, just to be clear. But what I'm concerned about is this. This case starts out as a case filled with state court theories, and there's no diversity here. There's a breach of a non-competition agreement. There are other kinds of business torts, stealing trade secret information. So it gets removed, and then it gets remanded. And it's a jurisdictional remand. It's not a remand, although actually there might be some other theories, too, timeliness. But let's focus on the jurisdictional remand. So it's not a reviewable remand. But what I don't see is how it was even wrong. And if you were pushing to have this case in federal court when it didn't belong in federal court, then perhaps sanctions under Rule 11 or something are called for. At the most, I can see in way of preemption from the federal structure regulating brokers might be a preemption defense. But it's well known that's not enough to support federal question jurisdiction. This is not an area that the ill-named complete preemption doctrine applies in. The Supreme Court has never said that. In fact, there are blue sky laws all over the place. There's quite a bit of parallel regulation of securities, brokers, banks, and the like. So it's hard for me to see how anything wrong happened. Well, Your Honor, the district court did go into an analysis of preemption and complete preemption. We actually didn't argue that. We just argued original jurisdiction arising under. But when the plaintiff is master of its own complaint, the plaintiff says, let's just take the breach of the non-compete. Non-compete agreements occur in many, many industries. And they can be breached or not. And I don't see how that has anything to do with the securities law regulation of broker-dealers. Well, our argument primarily is that if you're in the securities industry, you have to be registered and you have to be licensed. If you're moving so far with your argument to the point where you're saying, we're going to control or try to control through a court proceeding how Mr. DuSablein can use his license, more importantly, we're going to seek orders that he deliver information to us. And we're not going to talk about FINRA. We're not going to talk about the SEC. We're not going to talk about all the rules he would have to comply with. We're just going to do it under state law that the Securities and Exchange Act doesn't permit that. I don't understand where you get that from, though. I mean, where is it in the Securities and Exchange Act that if somebody's working for a company in a particular area, that person can't promise that they won't open up a competing office two doors down the road? It's like saying because he's a securities dealer, he can't promise to pay for the paper that's delivered for his printer. I mean, of course, there are all kinds of contracts that people enter into that are governed by state law, even though they're in a federally regulated industry. Well, that's correct, but one of the things we pointed out is that Mr. DuSablein said, I think I'm honoring this agreement. The only thing I'm going to do is to accept... That doesn't make it state law or federal law. That's just the merits. But our argument is we can't really enforce that one way or another because FINRA is not going to apply to his license, and that's who licenses him. Why isn't that a defense? I'm not saying it is on the merits, but why wouldn't that be a defense that, as Judge Wood pointed out, doesn't give you federal question jurisdiction? It only appears as a defense if you first file in state court and go around the Securities and Exchange Act the way no person or entity is permitted to. I guess if you file and say we're going to pursue this... That's a complete preemption argument. I mean, by any... My understanding of preemption is that... They didn't base their claim. Think of the old Louisville and Nashville railroad against Motley case. They didn't base their claim on anything that had anything to do with FINRA. They said, you stole our trade secrets. That's not FINRA. It's a state theory. You breached the non-compete. Perhaps he could come back and say, oh, but I was privileged to do what I did because FINRA regulates me. You, state court, have no authority to do anything here because federal law preempts and you'll have to follow the procedures of FINRA, which may toss it off into arbitration, may do all sorts of other things. But it's a defense. It's either a defense or it's completely preempted. My understanding of complete preemption, and I think this is correct, we're not arguing that the state court lacked jurisdiction. We're only arguing that the federal court had original jurisdiction and it could have been brought in federal court. Are you saying that these claims are actually federal claims that the plaintiff brought? Yes. Our position is if you're going to bring claims to recover information, trade secrets, everything that would make up a securities book of business, especially for a securities broker who stayed with his broker dealer, then you are basically saying we're a securities dealer and you would have to register or at a minimum you would have to make an argument why you didn't have to or how you would go about that through the same statute that regulates the person you're suing. I mean Mr. DuSablein has to do everything under those rules and statutes and as it stands right now, he can't even call upon them as a defense where they say he's stealing property and blocking their access. He's saying no, that's my obligations under FINRA. I can't give that to anybody not registered with my broker dealer. That sounds like the nature of a defense. Not that the plaintiff's breach of contract, breach of fiduciary duty, violation of the Indiana Uniform Trade Secrets Act. Not that those are governed by securities law. It sounds like you're raising a defense which doesn't give federal question jurisdiction. If they can make the statement that we're going to go and sue to recover property in the securities industry, an actual business in the securities industry without going through the Securities and Exchange Act, I would agree with that. But to read the complaint and understand that is what they're trying to recover is that book of business, then in fact they are asserting their rights under that statute because there's no other way to do it. You can't recover those types of assets and information unless you're going under that statute. It's all inclusive and everybody has to register and comply with it. Okay, I think we'll have to leave it there for right now. We will hear from Mr. Fowler. Thank you, Your Honors. I'm at Police Court Phil Fowler, Smith-Thompson on behalf of Jackson County Bank. I think Judge Barker said it best. This is not a close call. It's not. It should have been ever removed. There was no basis to remove it. He admitted to Judge Barker that to explain the delay in not timely filing the removal, that the original complaint, the only complaint, on its face didn't present a federal question. Well, the only other thing it could have is our response to the motion to dismiss where we simply restated what our allegations were about. So he has a problem here because it all relates back to what our arguments were. They're all in that complaint. There's nothing new in the motion to dismiss, which Judge Barker found. So he filed the notice of removal improperly. He made pretty much the same arguments in the motion to dismiss that he had filed in the state court, which was denied. In that motion to dismiss, he did not cite a single substantive case. And I reiterate that because he does the same thing here. He does not cite a single case anywhere close to the particulars of this case to support his position. And by the way, I'll just say this. It may not make a difference to the court. The standard here isn't whether the court got it wrong in terms of the fee awards, whether his removal was objectively reasonable. You don't have to decide, and in my view probably shouldn't decide, the erroneousness or not of the removal order itself. It's just whether he had a decent argument. He doesn't have a decent argument. He's either mistaken about what the grounds for removal are, or perhaps the goal was to push back the preliminary injunction hearing by a few months, which was successful. That did happen. So could you say another word or two about the timeliness argument? Yes. So I take it your position is that this whole constellation of issues was clear from the very beginning, and so he blew the 30 days at that point. It wasn't that it came to light later. Whatever we said that brought upon us this deluge of federal law was said in the complaint. Now I don't think it does, but whatever he's saying, based upon what we've alleged, it's all in the complaint. Mr. Fell, how can you talk about a deluge of federal law in this courtroom? I apologize. My feelings are going to be hurt. I love Chicago. I love this court. Go Cubs, go Bears. Listen, I'm not – let's be clear. I understand making arguments where, hey, you may not have the right – you may not be in the right, but there's an argument to be made, and you want to make it. I get that. That's what's part of our job. There's not an argument to be made here. And so what we're now talking about is a fee award of $9,000. How much money do you think has been spent on this appeal by his client? Assuming his client's paying. If he's done his job and he wrote a lengthy brief and did all that, we've traveled to Chicago, probably more than $9,000. So what's going on here? I asked that question rhetorically, but I think it's a question worth asking at this point. And why is it so important for you to find, to him, that the remand order was erroneous when I think we all agree you don't have to even go that far? Clearly there's something else going on here, and all I can say is it's unfortunate because all we were trying to do basically was enforce a state law non-compete against a guy who, by the way, suspectly had a preliminary injunction issued against him, finally, who is in contempt of that injunction as had been held by the trial court. So the law and Mr. DeSable apparently just don't get along very well. I'll say that much. Any questions? Thank you. All right, thank you very much. I'll give you a minute to rebut, Mr. Smith. Thank you, Your Honor. To make it clear, really the biggest reason we're here, not that $9,000 isn't a lot of money, especially to a young family, is that we can't get a voice on the fact that Mr. DeSable has an entire regulatory body he has to answer to. Much of what he's being accused of doing wrong would be a violation of the Fenn rules, but we're not getting a dialogue on it at all. That's primarily why we argued waiver here. We're saying this is what regulates him. This is how you determine if he's done something right, wrong, or in the middle, but you won't dialogue with us about that set of statutes or the Fenn regulations and rules. Whether you're bound by them or not, that's how you determine if he's done the right thing, both under the non-compete and issues with the information and other things such as that. As far as what has happened in front of the state court, I would just say that we have a significant issue with how things have unfolded there. We have a lot of orders entered against us without an opportunity to say anything. We have, I think, two appeals that have been consolidated that we're dealing with that as well. I'm not as confident as Mr. Fowler is that that is resolved, and, in fact, I'm sure that it's not. All right, well, thank you very much. Thanks to both counsel. We'll take the case under advisement.